UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-2478-VAP (KKx) | Date: | January 10, 2017 |
| Title: | *Del Erdman v. Ocwen Financial Corp.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     Order re: Stipulated Protective Order [Dkt. 45]

     The parties' proposed Stipulation and Protective Order has been referred by the District Judge to the Magistrate Judge for consideration.  The parties are advised that the Court declines to issue the proposed protective order to which they have stipulated for the following reasons:

     1.      While the Court is willing to enter a protective order in accordance with the parties' stipulation in order to facilitate the conduct of discovery, the Court is unwilling to include in the protective order any provisions relating to evidence presented at trial or other court hearings or proceedings.  **Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.**  The stipulation should, thus, include language to make this explicit.

     2.      The parties shall include a statement of good cause, as required by Fed. R. Civ. P. 26(c).  Such showing should be made separate from the parties' stipulation regarding the terms of the proposed protective order.

     3.      The proposed Protective Order needs to be revised to make clear that any motion challenging a party's designation of material as Confidential Information or seeking to modify or amend the proposed Protective Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

       4.      Proposed ¶ 4 needs to be revised to make clear a Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a **separate** court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

       5.      The Protective Order shall unequivocally state that nothing in the protective order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action.

       6.      The signature block for the judge in the proposed Order needs to be changed to the signature block for the Magistrate Judge.

**The parties are further directed to the Court's sample stipulated protective order located on the Court's website for a sample of the format of an approved stipulated protective order.  The parties are strongly encouraged to use the language contained in the approved stipulated protective order.**

cc:    United States Chief District Judge Virginia A. Phillips