UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-2478-VAP-KK | Date: | February 2, 2017 |
| Title: | *Del Erdman v. Ocwen Financial Group* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Denying Ex Parte Application to Shorten Time for Hearing on Motion to Compel [Dkt. 58] and Striking Plaintiff's Motion to Compel [Dkt. 57]

On January 31, 2017, Plaintiff Del Erdman ("Plaintiff") filed a Motion to Compel Discovery Responses ("Motion to Compel") and an Ex Parte Application to Shorten Time for Hearing on Motion to Compel ("Application").[1] ECF Docket Nos. ("dkt.") 57, Mot. to Compel; Dkt. 58, Application. On February 1, 2017, Defendant Ocwen Loan Servicing, LLC ("Defendant") filed an Opposition to the Application. Dkt. 59.

After consideration of the papers in support of and in opposition to the Application, the Court DENIES the Application and STRIKES the Motion to Compel for failure to comply with the Court's Scheduling Order.

## I.
## PROCEDURAL HISTORY

On September 8, 2016, the Court issued a scheduling order, setting trial for May 9, 2017 and requiring all discovery motions to be heard by February 10, 2017. Dkt. 41.

---

[1] Plaintiff improperly noticed the Motion to Compel before Chief United States District Judge Phillips. Dkt. 57. Pursuant to the Court's standing order, "All discovery matters have been referred to a United States Magistrate Judge . . . to hear all discovery disputes." Dkt. 8 at 8.

On August 17, 2016, Plaintiff served a first set of discovery requests. Dkt. 58-1, Declaration of Jonathan C. Fuller in support of Application ("Fuller Decl."), ¶ 2. On September 16, 2016, Defendant served responses. Id. After meeting and conferring, Plaintiff served amended requests. Id. ¶¶ 3-4. On November 21, 2016, Defendant served responses to the amended requests. Id. ¶ 4.

On December 13, 2016, the parties met and conferred telephonically regarding Plaintiff's anticipated motion to compel further discovery responses. Id. ¶ 7. Defendant's counsel informed Plaintiff's counsel "they would stand by their objections and not produce any new documents." Id. ¶ 8. Defendant's counsel advised Plaintiff's counsel he should proceed with his motion to compel in compliance with Local Rule 37. Declaration of Regina J. McClendon in support of Opposition ("McClendon Decl."), ¶ 4.

On December 30, 2016, Defendant's counsel sent Plaintiff's counsel an email with a draft stipulated protective order and stating, "We would like to produce some additional phone logs, but [Defendant] requires that they be subject to a confidentiality order." McClendon Decl., Ex. B. Plaintiff's counsel believed "some additional phone logs" would fully resolve the discovery dispute and stopped working on the joint stipulation in support of Plaintiff's motion to compel. Fuller Decl., ¶ 11.

On January 6, 2017, the parties filed a stipulation for a protective order. Dkt. 45. On January 10, 2017, the Court denied the proposed protective order and referred the parties to the Court's website for a sample of the format of an approved stipulated protective order. Dkt. 46.

On January 18, 2017, Plaintiff's counsel emailed Defendant's counsel a new proposed protective order. Fuller Decl., ¶ 15.

On January 19, 2017, Plaintiff filed an Ex Parte Application for Modification of Scheduling Order seeking to continue all deadlines by sixty days. Dkt. 49.

On January 20, 2017, Plaintiff's counsel emailed Defendant's counsel Plaintiff's portion of the joint stipulation in support of Plaintiff's motion to compel. Fuller Decl., ¶ 16.

On January 27, 2017, the Court denied Plaintiff's Ex Parte Application for Modification of Scheduling Order finding "Plaintiff's failure to abide by the established deadlines of this Court does not warrant ex parte relief." Dkt. 56.

On January 31, 2017, Defendant's counsel responded to Plaintiff's counsel's January 18, 2017 request for a protective order.[2] Fuller Decl., ¶ 15.

---

[2] Neither party indicates what Defendant's counsel's response was to the request for protective order. It is unclear what objections Defendant could have to the Court's approved

On January 31, 2017, Plaintiff filed a Motion to Compel Responses to Discovery and the instant Application seeking to have the Motion to Compel heard on February 6, 2017.[3]  Dkts. 57, 58.  On February 1, 2017, Defendant filed an Opposition.  Dkt. 59.

## II.
## APPLICABLE LAW

"The purpose of . . . the ex parte motion papers is to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner."  Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995); see also Dkt. 8, Court's Standing Order at 8.  As a general matter, unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced."  Mission Power, 883 F. Supp. at 490.  The opposing party "can rarely make its best presentation" on the short notice accompanying an ex parte application.  Id. at 491.  Hence, to justify use of ex parte procedures, a party seeking ex parte relief must show: (1) "the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  Id. at 492.

## III.
## DISCUSSION

Here, Plaintiff has not established that good cause exists to grant his Application.  As set forth above, on December 13, 2016, the parties reached an impasse in their attempts to resolve their discovery dispute and Defendant's counsel advised Plaintiff's counsel to proceed with preparing a joint stipulation and motion to compel under the Court's Local Rules.  Fuller Decl., ¶¶ 7-8; McClendon Decl., ¶ 4.  Plaintiff did not do so in a timely fashion.  In order for Plaintiff to have a motion to compel discovery responses heard before the February 10, 2017 discovery cut-off, the deadline for Plaintiff to have filed the motion pursuant to Local Rule 37-3 was January 19, 2017, twenty-one days before February 9, 2017.  Plaintiff would have needed to provide Defendant's counsel with Plaintiff's portion of the joint stipulation no later than January 12, 2017 to allow seven days for Defendant's counsel to return Defendant's portion of the joint stipulation.  Rather, Plaintiff waited until January 20, 2017 to provide Defendant's counsel with

---

form for a stipulated protective order.  The Court reminds the parties there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts."  Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016).

[3] Because the discovery matter has been referred to the undersigned Magistrate Judge who hears discovery motions on Thursdays, the last day for discovery motions to be heard is Thursday, February 9, 2017.

its portion of a joint stipulation regarding Plaintiff's motion to compel.  Fuller Decl., ¶ 16.  Plaintiff's failure to abide by the established deadlines of this Court does not warrant ex parte relief.  See, e.g., Pascascio v. New Century Mortg. Corp., No. CV 12-839 PSG (FMOx), 2012 WL 1745619, at *2 (C.D. Cal. May 16, 2012) ("Plaintiff's ex parte application fails because she has not shown she is without fault in creating the crisis, if any, that requires ex parte relief.").

Plaintiff argues he waited so long because he believed the additional phone logs, which Defendant represented on December 30, 2016 it would provide pursuant to a protective order, would fully resolve the outstanding discovery dispute.  Fuller Decl., ¶ 11.  First, Plaintiff's representation that phone logs would resolve the Motion to Compel appears disingenuous, because the discovery requests and Motion to Compel appear to seek documents well beyond phone logs, including policy and account documents as well as voice recordings.  See Dkt. 57.  However, even assuming the phone logs would resolve the discovery dispute in its entirety, in light of the impending discovery cut-off, it is unclear why Plaintiff would wait until January 6, 2017 to file the first proposed protective order and even less clear why it took Plaintiff eight days after the Court denied the first proposed protective order to prepare a second proposed protective order that Plaintiff's counsel admits was taken from the Court's website.  Fuller Decl., ¶ 15.

Therefore, Plaintiff has not shown he is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  Mission Power, 883 F. Supp. at 490.  Hence, the Court finds ex parte relief is not warranted.

## IV.
## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Ex Parte Application.  Further, in light of the Court's denial of Plaintiff's Ex Parte Application for Modification of Scheduling Order, Plaintiff's Motion to Compel is STRICKEN for failure to comply with the Court's Scheduling Order.

**IT IS SO ORDERED.**